UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:21-cv-00668-FDW-DSC

| | |
|---|---|
| JAMIE SHERMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | ORDER |
| NORTHEAST TRANSPORTATION ) | |
| SERVICES, LLC, L2 TRANSPORTATION ) | |
| SERVICES LLC, AND DHL EXPRESS ) | |
| (USA) INC., ) | |
| ) | |
| Defendants. ) | |
| ) | |

THIS MATTER is before the Court *sua sponte* concerning the status of this case. Plaintiff filed this action on December 14, 2021. After the Complaint was served, (Doc. Nos. 3, 5, 6), and two days before the extended deadline for Defendants' filing of responsive pleadings, Plaintiff filed a "Stipulation and Proposed Order to Stay Case Pending Alternative Dispute Resolution and Tolling," signed by counsel for all parties in this case. (Doc. No. 15). This "stipulation" was not filed or captioned as a motion, and it was not accompanied by a motion to extend any pending deadlines. See Fed. R. Civ. P. 7(b)(1) ("A request for a court order *must* be made by a motion." (Emphasis added)). The "stipulation's" caption as a "proposed order" and counsel's submission through the CyberClerk recognizes the necessity of a court order granting the relief sought here.

Where the parties agree to requested relief and a court order is required, a consent motion—not a stipulation—is the appropriate vehicle to get there. It is well-settled jurisprudence that the *Court*—not the parties or their counsel—sets or stays deadlines governing active cases on the Court's docket. See, e.g., Landis v. N. Am. Co., 299 U.S. 248, 254–55 (1936) ("[T]he power to

1

stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."); United States v. Georgia Pac. Corp., 562 F.2d 294, 296 (4th Cir. 1977) ("The determination by a district judge in granting or denying a motion to stay proceedings calls for an exercise of judgment to balance the various factors relevant to the expeditious and comprehensive disposition of the causes of action on the court's docket." (citing Landis)).

Nevertheless, the Court never signed or entered the "Stipulation and Proposed Order" allowing the stay, yet the parties, who have failed to timely file responsive pleadings and/or prosecute their case for the opposing parties' failure to respond, have proceeded as though a stay has been entered. While the Court commends the parties for engaging in alternative dispute resolution and encourages them to continue doing so throughout the pendency of this case, it is the policy of the undersigned that settlement discussions only rarely, if ever, provide a sufficient basis for extension of deadlines, much less a *stay* of the case. Here, the "stipulation" fails to provide sufficient authority or argument to justify a stay of deadlines in this matter, and to the extent it could be construed as a motion, it is denied.

Finally, the Court advises counsel in this case, many of whom reside outside this district and appear *pro hac vice*, to familiarize themselves with the Local Rules and Standing Orders of this Court, as the practice before the Western District of North Carolina and the undersigned may be significantly different than districts where counsel more routinely appears.

IT IS THEREFORE ORDERED that to the extent the "Stipulation and Proposed Order," (Doc. No. 15), can be construed as a motion, it is DENIED.

IT IS FURTHER ORDERED that the Court will *sua sponte* extend the deadline for Defendants to file a responsive pleading to May 3, 2022. In light of the fact this matter has been pending for nearly five months with little progress apparent on the docket, the Court DIRECTS the parties to conduct their initial attorneys conference no later than May 10, 2022, and the report of that conference should be filed using this Court's standard form no later than Friday, May 13, 2022.

IT IS SO ORDERED.

Signed: April 26, 2022

Frank D. Whitney
United States District Judge